IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL E. COOK,
    Plaintiff                                         Case No. _____

v.                                                      Hon.

WARREN SCREW PRODUCTS, INC.

    Defendant.
_____/

## JURY DEMAND

COMES NOW Plaintiff and hereby makes his claim for trial by jury hereunder.

## COMPLAINT

COMES NOW Plaintiff through his undersigned counsel and states the following in support of his claims.

## JURISDICTION

1. Plaintiff is a resident of Macomb County.

2. Defendant is doing business in Macomb County and is located there.

3. This Court has jurisdiction over these claims on the basis of federal question jurisdiction pursuant to 42 U.S.C. § 12101, et seq and the state claims by supplemental jurisdiction pursuant to 28 USC sec. 1367 et seq.

## VENUE

4. Venue is proper in this court, the Eastern District of Michigan, pursuant to 42 U.S.C. § 12101, et seq, as the unlawful employment discrimination occurred in this District.

## FACTUAL AVERMENTS OF PLAINTIFF

5. Plaintiff began work as a driver at Defendant's company in Michigan on September 20, 2021.

6. Mr. Cook's rate of pay was $19 per hour.

7. Mr. Cook's work schedule consisted of 40 hours per week and up to 15 overtime hours per week.

8. Mr. Cook worked every day from his date of hire until September 25, 2021.

9. On September 27, 2021 Mr. Cook began feeling ill, which led to him calling in sick.

10. On September 28, 2021, Mr. Cook felt ill again, which caused him to call off of work.

11. On September 29, 2021, Mr. Cook visited his healthcare provider who prescribed him antibiotics and instructed him not to return to work until October 5, 2021.

12. On October 4, 2021, Plaintiff's physician instructed him again to refrain from returning to work until October 11, 2021.

13. Plaintiff notified Defendant's management about his physician's restrictions in a timely manner.

14. On October 6, 2021, Mr. Cook inquired to Ciare Kane of Defendant's human resources department whether he was being fired, and was provided with an inconclusive response.

15. On Friday, October 8, 2021, he informed management that he would return to work on Monday, October 11, 2021, and he was told that he would not be brought back

16. Mr. Cook was terminated on October 8, 2021.

17. Plaintiff was fired on the basis that he was disabled and/or that Defendant believed that he was disabled.

18. Plaintiff sustained damages as a result of his termination including emotional distress, mental anguish, loss of future employment, back pay, front pay, attorney's fees, costs, and interest, together with damages borne out through discovery and trial.

19. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding the discrimination, which was ultimately dismissed and a notice of his right to sue was issued ("Right to Sue Letter") on April 1, 2022.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

20. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

21. At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the ADA, 42 U.S.C. § 12101, et seq.

22. A respondeat superior relationship existed because Defendant's managers had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this Complaint.

23. Plaintiff either had a disability and/or was regarded by Defendant as being disabled under the ADA, meaning that, with reasonable accommodation, he could perform the essential functions and duties of his job.

24. Section 12112(a) of the ADA, makes it illegal to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

25. As more thoroughly outlined throughout this complaint, Plaintiff was discriminated against on the basis of his disability in regard to advancement, discharge, compensation, and other terms, conditions, and privileges of employment when he was denied accommodations because of it.

26. Defendant's unlawful employment practices were done intentionally, with malice, or with

reckless indifference to Plaintiff's rights.

27. But for Defendant's illegal discrimination, Plaintiff would not have been damaged.

28. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

29. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

30. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. § 12101, et seq. ("ADA")

31. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

32. At all times relevant, Plaintiff was an employee of Defendant.

33. A respondeat superior relationship existed between Plaintiff and Defendant, through its management, which had the ability to make decisions impacting Plaintiff's work activity.

34. Plaintiff became ill during his employment, and Defendant and its management had knowledge thereof.

35. Plaintiff was instructed by his treating physician to refrain from returning to work for a period of time.

36. Plaintiff informed Defendant of his requirement to refrain from returning to work for a period of time due to his illness.

37. Defendant retaliated against Plaintiff by refusing to allow him to exercise his doctor's orders and return to work when it was safe for him to do so.

38. Defendant further retaliated against Plaintiff by firing him.

39. That such conduct was deplorable and the same was the proximate cause of Plaintiff's damages sustained, including losses in compensation, back pay, front pay, mental anguish, emotional distress, humiliation, loss of earning capacity, other damages to be determined by way of discovery and at trial.

40. Plaintiff requests the relief described below in the Prayer for Relief.

## COUNT III
## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITY ACT, MCL 37.1201, et seq. ("PWDCRA")

41. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

42. At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the PWDCRA.

43. A respondeat superior relationship existed because Defendant's managers had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

44. Plaintiff was regarded as having a disability within the meaning of the PWDCRA.

45. Plaintiff's disability is qualified, meaning that, with reasonable accommodation, he could perform the essential functions and duties of his job.

46. MCL 37.1202(b) makes it illegal to, "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability … that is unrelated to the individual's ability to perform the duties of a particular job or position."

47. Plaintiff was discriminated against after Defendant refused to allow him to work in accordance with his doctor's orders.

48. Moreover, Defendant otherwise discriminated against Plaintiff with respect to the terms,

conditions, and privileges of his employment because of his disability when it failed to adequately accommodate him.

49. Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

50. But for Defendant's illegal discrimination, Plaintiff would not have been damaged.

51. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

52. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

53. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## ELLIOTT LARSEN CIVIL RIGHTS ACT
## RETALIATION

54. Plaintiff incorporates by reference word for word the above as if fully set forth.

55. At all times relevant Plaintiff, was an employee of Defendant.

56. Defendant was a covered "employer" under the ELCRA.

57. A respondeat superior relationship existed between Plaintiff and Defendant, through its management, which had the ability to make decisions impacting Plaintiff's work activity.

58. Plaintiff became ill during his employment, and Defendant and its management had knowledge thereof.

59. Defendant refused to offer reasonable accommodations and by doing so retaliated against Plaintiff, constituting unlawful discriminatory actions.

60. Defendant further retaliated against Plaintiff by firing him.

61. As a proximate result of Defendant's actions, Plaintiff sustained losses in compensation,

earning capacity, humiliation, mental anguish, emotional distress, front pay, and back pay, and other damages to be determined through discovery and at trial.

62. Plaintiff requests Relief per the below Prayer for Relief.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff requests the following relief:

1. Compensatory damages.
2. Punitive damages
3. Lost wages, fringe benefits, front pay.
4. Interest, costs, attorney's fees and equitable relief; and
5. Any other relief permitted as set forth in the Acts hereunder.

Dated:  June 30, 2022.              Respectfully Submitted by

CARLA D. AIKENS, P.L.C.

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
DaiChanai Jones (P84749)
Attorneys for Plaintiff
615 Griswold Street, Suite 709
Detroit, MI 48226
(844) 835-2993